**DISMISS and Opinion Filed November 10, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00749-CV**

**JEFFREY ALLEN KRAUSE, Appellant**
**V.**
**JASON CHEN, Appellee**

**On Appeal from the County Court at Law No. 6**
**Collin County, Texas**
**Trial Court Cause No. 006-01778-2021**

## MEMORANDUM OPINION

Before Justices Schenck, Smith, and Garcia
Opinion by Justice Schenck

It is well-settled that an appeal may only be taken from a final judgment that disposes of all parties and claims or an interlocutory order as authorized by statute. *See Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992). The appealed order here, the trial court's order reinstating the case[1] and for writ of possession, is neither.

Seemingly recognizing that, appellant moved for permission from the trial court to appeal the order under Texas Civil Practice and Remedies Code section

---

[1] The case was abated due to appellant filing for bankruptcy and was reinstated after the bankruptcy court granted relief from the automatic stay imposed by section 362 of the bankruptcy code. *See* 11 U.S.C. § 362.

51.014(d) which provides for an appeal from an otherwise unappealable interlocutory order when the trial court grants permission and the order involves, in part, a controlling question of law as to which a substantial ground for difference of opinion exists. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d). Because the record before us did not reflect the trial court had granted permission,[2] we questioned our jurisdiction over the appeal and directed appellant to file a letter brief addressing our concern no later than October 11, 2021. Although we cautioned that failure to comply could result in the appeal being dismissed without further notice, appellant has not complied and appellee has now moved to dismiss the appeal for want of jurisdiction and for failure to comply with a court directive. *See* TEX. R. APP. P. 42.3(a),(c). We grant the motion and dismiss the appeal. *See id.* 42.3(a),(c).

/David J. Schenck/

DAVID J. SCHENCK
JUSTICE

210749F.P05

---

[2] Once a trial court grants permission, the party seeking to appeal must petition the court of appeals for permission to appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(f); TEX. R. APP. P. 28.3(a).



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

JEFFREY ALLEN KRAUSE,
Appellant

No. 05-21-00749-CV     V.

JASON CHEN, Appellee

On Appeal from the County Court at Law No. 6, Collin County, Texas
Trial Court Cause No. 006-01778-2021.
Opinion delivered by Justice Schenck, Justices Smith and Garcia participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellee Jason Chen recover his costs, if any, of this appeal from appellant Jeffrey Allen Krause.

Judgment entered November 10, 2021.